Alexandra Verdi (NY Reg. No. 5480934)
verdim@sec.gov
U.S. Securities and Exchange Commission
100 F Street, NE
Washington, D.C. 20549-9613
Tel: 202-551-5057
Fax: 202-772-9263

Attorney for Defendant
Securities and Exchange Commission

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

HODL LAW, PLLC,

          Plaintiff,

   vs.

SECURITIES AND EXCHANGE
COMMISSION,

        Defendant.

Case No.  22-cv-1832-L-JLB

**DEFENDANT SEC'S
MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS**

Judge: Hon. M. James Lorenz
Hearing Date: March 13, 2023
Hearing Time: 10:30 am
Courtroom: 5B

No oral argument pursuant to Local Rule

## **TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................1

II.     STATEMENT OF FACTS ..................................................................1

        A.      The SEC's Mission.................................................................1

        B.      The Instant Declaratory Judgment Action ...........................2

III.    LEGAL STANDARD ...........................................................................3

IV.     ARGUMENT .........................................................................................3

        A.      Hodl Law Does Not Identify a Case or Controversy Between It and
                the SEC ....................................................................................5

        B.      Hodl Law Fails to Plead Standing.........................................6

        C.      Hodl Law's Claim Is Not Ripe...............................................7

        D.      The Complaint Does Not Satisfy the APA ............................9

        E.      Declaratory Relief Is Not Appropriate Here .......................12

V.      CONCLUSION...................................................................................13

## **TABLE OF AUTHORITIES**

**Cases**

*Am. Fin. Benefits Ctr.*, No. 17-04817, 2018 WL 3203391 (N.D. Cal. May 29, 2018) ................................................................................................10

*Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770 (9th Cir. 2000) ................3, 8

*Ass'n of Am. R.R. v. Cal. Office of Spill Prevention & Response*, 113 F. Supp. 3d 1052 (E.D. Cal. 2015).........................................................................8

*Bank of N.Y. Mellon v. City of Richmond*, No. C 13–03664 CRB, 2013 WL 5955699 (N.D. Cal. Nov. 6, 2013) ...................................................9

*Bush v. United States HHS*, No. 21-cv-06055-JCS, 2021 U.S. Dist. LEXIS 168285 (N.D. Cal. Sept. 4, 2021) ..........................................................11

*Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund*, 636 F.3d 538 (9th Cir. 2011).........................................................................................4

*Coakley v. Sunn*, 895 F.2d 604 (9th Cir. 1990) .................................................6

*General Finance Corp. v. FTC*, 700 F.2d 366 (7th Cir. 1983).................................10

*Havasupai Tribe v. Provencio*, 906 F.3d 1155 (9th Cir. 2018) .................................10

*Hillblom v. United States*, 896 F.2d 426 (9th Cir. 1990).......................................8

*Minn. Auto Dealers Ass'n v. Minnesota*, 520 F. Supp. 3d 1126 (D. Minn. 2021) ....7, 8

*Mont. Env't Info. Ctr. v. Stone-Manning*, 766 F.3d 1184 (9th Cir. 2014).............6, 7, 8

*Nat. Res. Def. Council v. Abraham*, 388 F.3d 701 (9th Cir. 2004) .............................9

*New Jersey v. United States HHS*, No. 07-4698 (JAP), 2008 WL 4936933 (D.N.J. Nov. 17, 2008) ................................................................9

*Oakley, Inc. v. Bolle Am., Inc.*, No. SA CV 91-634-LTL(RWRx), 1992 WL 117445 (C.D. Cal. Mar. 26, 1992).............................................4, 12

*Safeco Ins. Co. of Am. v. Nelson*, 468 F. Supp. 3d 1291 (S.D. Cal. 2020)...............4, 5

*Stubbs v. Goldschmidt*, No. 04-6029-AA, 2004 WL 1490323 (D. Or. June 29, 2004) ................................................................................7, 12

*Sukumar v. Int'l Olympic Comm.*, No. 21-cv-215-GPC(AGS), 2021 WL

2206476 (S.D. Cal. June 1, 2021) ............................................................5

*Veoh Networks, Inc. v. UMG Recordings, Inc.*, 522 F. Supp. 2d 1265 (S.D. Cal. 2007) ...........................................................................................................12

*Westlands v. NRDC*, 276 F. Supp. 2d 1046 (E.D. Cal. 2003) .........................6

**<u>Statutes</u>**

28 U.S.C. § 2201(a) .......................................................................................4

5 U.S.C. § 704 ..............................................................................................10

5 U.S.C. § 706(1) ..........................................................................................11

**<u>Rules</u>**

Fed. R. Civ. P. 12(b)(1)...................................................................................3

Fed. R. Civ. P. 12(h)(3)..................................................................................3

**<u>Other Authorities</u>**

*About the SEC*, U.S. SEC. & EXCH. COMM'N (Nov. 22, 2016), https://www.sec.gov/about ............................................................................1

*Crypto Assets and Cyber Enforcement Actions*, U.S. SEC. & EXCH. COMM'N (Nov. 4, 2022), https://www.sec.gov/spotlight/cybersecurity-enforcement-actions.................................................................................2, 12

*Custody of Digital Asset Securities by Special Purpose Broker-Dealers*, Release No. 34-90788, 2020 WL 8028080 (Dec. 23, 2020), https://www.sec.gov/rules/policy/2020/34-90788.pdf ......................................2

*Framework for "Investment Contract" Analysis of Digital Assets*, U.S. SEC. & EXCH. COMM'N (Apr. 3, 2019), https://www.sec.gov/corpfin/framework-investment-contract-analysis-digital-assets.......................................................2

*Report of Investigation Pursuant to Section 21(a) of the Securities Exchange Act of 1934: The DAO*, Release No. 81207, 2017 WL 7184670 (July 25, 2017), https://www.sec.gov/litigation/investreport/34-81207.pdf .....................2

*Strategic Hub for Innovation and Financial Technology (FinHub)*, U.S. Sᴇᴄ. & Exᴄʜ. Cᴏᴍᴍ'ɴ (Aug. 11, 2022), https://www.sec.gov/finhub ...........................2

## I.   <u>INTRODUCTION</u>

Defendant Securities and Exchange Commission ("SEC") moves to dismiss this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  In this case, Plaintiff Hodl Law, PLLC ("Hodl Law"), which alleges that it engages in transactions on the Ethereum blockchain network "for a variety of use cases," complains that the SEC has not taken sufficient action to address how the federal securities laws apply to crypto/digital assets and seeks a declaratory judgment that, among other things, transactional activities on the Ethereum network or involving Ether (a crypto/digital asset associated with the Ethereum network) are not offers or sales of "securities" under the federal securities laws.  *See* Hodl Law Compl., ECF 1 ("Compl."), at ¶¶ 8, 18 & p. 21; *see generally* Section 2(a)(1) of the Securities Act of 1933, 15 U.S.C. § 77b(a)(1) (defining "security"); Section 3(a)(10) of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10) (same).  Hodl Law, however, does not identify any actions that the SEC has taken that impose rights or obligations on it or any other person and does not identify any obligation that the SEC has to resolve the legal issues Hodl Law seeks to have this Court resolve.  Hodl Law cannot establish that this Court has subject matter jurisdiction over its claim because Hodl Law has not identified a case or controversy between Hodl Law and the SEC, and Hodl Law has neither standing nor a ripe dispute.  Further, Hodl Law has failed to make a claim under the Administrative Procedure Act ("APA").

## II.   <u>STATEMENT OF FACTS</u>

### A.   The SEC's Mission

The SEC's mission is to "protect investors; maintain fair, orderly, and efficient markets; and facilitate capital formation."  *About the SEC*, U.S. SEC. & EXCH. COMM'N (Nov. 22, 2016), https://www.sec.gov/about.  This mission includes a wide range of issues related to crypto/digital assets, and the SEC and its staff have taken a variety of steps to address those issues.  *See, e.g., Strategic Hub for Innovation and*

1   *Financial Technology (FinHub)*, U.S. SEC. & EXCH. COMM'N (Aug. 11, 2022),

2   https://www.sec.gov/finhub (collecting materials concerning the SEC's oversight and

3   response regarding emerging technologies, including digital assets); *Report of*

4   *Investigation Pursuant to Section 21(a) of the Securities Exchange Act of 1934: The*

5   *DAO*, Release No. 81207, 2017 WL 7184670 (July 25, 2017),

6   https://www.sec.gov/litigation/investreport/34-81207.pdf; *Framework for*

7   *"Investment Contract" Analysis of Digital Assets*, U.S. SEC. & EXCH. COMM'N (Apr.

8   3, 2019), https://www.sec.gov/corpfin/framework-investment-contract-analysis-

9   digital-assets; *Crypto Assets and Cyber Enforcement Actions*, U.S. SEC. & EXCH.

10  COMM'N (Nov. 4, 2022), https://www.sec.gov/spotlight/cybersecurity-enforcement-

11  actions; *Custody of Digital Asset Securities by Special Purpose Broker-Dealers*,

12  Release No. 34-90788, 2020 WL 8028080 (Dec. 23, 2020),

13  https://www.sec.gov/rules/policy/2020/34-90788.pdf.

14  **B.    The Instant Declaratory Judgment Action**

15          On November 21, 2022, Plaintiff Hodl Law filed the instant request for

16  declaratory relief against the SEC.  *See* Compl.  Hodl Law describes itself as "a law

17  firm that focuses on legal and regulatory issues regarding digital assets."  *Id.* at ¶ 1.

18  Hodl Law alleges that, like "literally millions of other users worldwide," it "transacts

19  on the Ethereum Network and utilizes the Ether DCU [digital currency units] for a

20  variety of use cases."  *Id.* at ¶¶ 6, 18.  Hodl Law complains that the SEC "has refused

21  to provide public guidance on its subjective belief regarding the classification status

22  of the Ethereum Network and Ether" under the federal securities laws.  *Id.* at ¶ 65.

23  Hodl Law claims that, as a result, "along with millions of other individuals and

24  businesses," it is "subject to imminent harm such as substantial financial and criminal

25  risk."  *Id.* at p. 19.  To support its claim of imminent harm, Hodl Law points only to

26  an SEC enforcement action against employees at a crypto/digital asset trading

27  platform for insider trading.  *Id.* at ¶ 4.  Hodl Law also contends that the SEC "has

28  purposefully refused to respond to Plaintiff's inquiries regarding [the SEC's] position

1  on the security status of the Ethereum Network and Ether" and "simultaneously
2  refused to provide Plaintiff with assurances that it will not prosecute Plaintiff for its
3  use of the Ethereum Network and Ether." *Id.* at ¶¶ 105-06.

4       But nowhere in its Complaint does Hodl Law allege that it is the subject of an
5  SEC investigation or enforcement action or any other action. *See generally id.*
6  Rather, Plaintiff asserts that the SEC "has refused to provide Plaintiff—and millions
7  of other network users—any concrete guidance as to whether" use of the Ethereum
8  network or Ether could result in prosecution. *Id.* at ¶ 6.

9       Hodl Law's Complaint under the Declaratory Judgment Act "seeks a
10  declaratory ruling from the Court that engaging in transactional activities on the
11  Ethereum Network using the Ether DCU does not implicate the Securities Act of
12  1933" and "Plaintiff's use of the Ethereum Network and Ether DCUs are lawful." *Id.*
13  at ¶¶ 8, 107. Hodl Law cites to the Declaratory Judgment Act, 28 U.S.C. § 2201; the
14  federal question statute, 28 U.S.C. § 1331; and the Securities Act, 15 U.S.C. §§ 77v,
15  as the bases for jurisdiction. *Id.* at ¶¶ 10, 13, 14. Hodl Law does not cite to any
16  authority that would impose a duty on the SEC to issue a broad determination about
17  the application of the federal securities laws to the Ethereum network or Ether.

18  **III.   LEGAL STANDARD**

19       Federal Rule of Civil Procedure 12(b)(1) allows for dismissal of a complaint
20  for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A lack of jurisdiction
21  is presumed unless the party asserting jurisdiction establishes that it exists. *Ass'n of*
22  *Am. Med. Colls. v. United States*, 217 F.3d 770, 778-79 (9th Cir. 2000) (quoting
23  *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)). As such,
24  Hodl Law bears the burden of proof on a Rule 12(b)(1) motion to dismiss. *See id.*
25  The court must dismiss the action if it determines at any time that it lacks subject
26  matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

27  **IV.   ARGUMENT**

28       Hodl Law has not established that this Court has subject matter jurisdiction

over its claim under the Declaratory Judgment Act.  The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  "[T]he operation of the Declaratory Judgment Act is procedural only and does not confer arising under jurisdiction."  *Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund*, 636 F.3d 538, 543 (9th Cir. 2011) (internal quotations omitted); *Safeco Ins. Co. of Am. v. Nelson*, 468 F. Supp. 3d 1291, 1297 (S.D. Cal. 2020) (Act is not "an independent grant of jurisdiction").  The Act "merely provides an additional remedy in cases where jurisdiction is otherwise established."  *Safeco*, 468 F. Supp. 3d at 1297 (internal quotations omitted).

To maintain a lawsuit for declaratory relief under the Declaratory Judgment Act, the plaintiff must first present an actual case or controversy within the meaning of Article III, section 2 of the United States Constitution.  *Id.* at 1301.  Additionally, "it is axiomatic that an action for declaratory relief against the United States must also fulfill statutory jurisdictional prerequisites."  *Id.* at 1303 (internal quotations omitted).  If a court determines there is a case of actual controversy within its jurisdiction, it must then decide whether to exercise its discretion to take jurisdiction over the controversy.  *See Oakley, Inc. v. Bolle Am., Inc.*, No. SA CV 91-634-LTL(RWRx), 1992 WL 117445, at *5 (C.D. Cal. Mar. 26, 1992) ("The Declaratory Judgment Act, 28 U.S.C. § 2201, 'is an enabling Act, which confers a discretion on the courts rather than an absolute right on the litigant.'").

Hodl Law cannot meet its burden of establishing that this Court has jurisdiction over its claim against the SEC because (1) there is no case or controversy between Hodl Law and the SEC, (2) Hodl Law has no standing, (3) Hodl Law has not pled a ripe dispute, and (4) the Administrative Procedure Act does not provide authority to bring this case.

**A.**     **Hodl Law Does Not Identify a Case or Controversy Between It and the SEC**

In this Circuit, a suit "seeking federal declaratory relief must first present an actual case or controversy within the meaning of Article III, section 2 of the United States Constitution." *Safeco*, 468 F. Supp. 3d at 1301 (internal quotations omitted). For a controversy to exist, the dispute in question must be "definite and concrete, touching the legal relations of parties having adverse legal interests," and "must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character." *Id.* (internal quotations omitted).

The Complaint contains no allegations identifying a case or controversy between Hodl Law and the SEC. *See generally* Compl. The Complaint is replete with allegations about the nature of crypto/digital assets (*id.* at ¶¶ 22-27), the history and functioning of Ethereum (*id.* at ¶¶ 28-35, 40), Hodl Law's use of Ethereum and views of securities laws (*id.* at ¶¶ 42-64), and select information about public statements by SEC officers and staff about crypto/digital assets (*id.* at ¶¶ 65-95). But nowhere in the Complaint does Hodl Law allege that the SEC has investigated or prosecuted it for any reason or that it is likely to do so in the future. *See id.* Far from showing that there is any dispute between itself and the SEC, Hodl Law emphasizes that it is just like "literally millions of other [Ethereum] users worldwide." *Id.* at ¶ 6. Hodl Law manufactures an issue by claiming the SEC did not provide the specific guidance it desires, namely the SEC's "assurances that it will not prosecute Plaintiff for its use of the Ethereum Network and Ether." *Id.* at ¶ 106. But Hodl Law has not alleged that the SEC has an obligation to explain Hodl Law's rights to it under the federal securities laws or to promise not to prosecute it in the future, nor has it pointed to any statute that would impose such an obligation. At its core the Complaint only displays Hodl Law's desire for the SEC to promulgate rules around crypto/digital assets, which does not amount to an actual case or controversy. *See Sukumar v. Int'l Olympic Comm.*, No. 21cv215-GPC(AGS), 2021 WL 2206476, at *3

1    (S.D. Cal. June 1, 2021) (no actual case or controversy where complaint "present[ed]

2    no allegation of any 'real and reasonable apprehension' that Plaintiff will be subject

3    to any type of liability by" defendant non-profit); *Westlands v. NRDC*, 276 F. Supp.

4    2d 1046, 1050, 1054 (E.D. Cal. 2003) (no "justiciable case or controversy under

5    Article III" where plaintiff brought "lawsuit in the hopes of obtaining a declaration

6    that its interpretation of federal law is correct" where contracts at issue not finalized

7    and future litigation uncertain).

8         **B.    Hodl Law Fails to Plead Standing**

9              To enforce Article III's limitation of federal court jurisdiction, "the Supreme

10   Court has articulated numerous doctrines that restrict the types of disputes that federal

11   courts will entertain, including standing and ripeness." *Mont. Env't Info. Ctr. v.*

12   *Stone-Manning*, 766 F.3d 1184, 1188 (9th Cir. 2014).  To establish standing to pursue

13   a claim under Article III, "a plaintiff must allege personal injury that is fairly

14   traceable to defendant's allegedly unlawful conduct and that the requested relief is

15   likely to redress." *Coakley v. Sunn*, 895 F.2d 604, 606 (9th Cir. 1990).  The plaintiff

16   "must allege a distinct and palpable injury to himself; that the injury is somehow

17   directly linked to the challenged activity; and that the injury is one which is apt to be

18   redressed by a remedy the court is prepared to give." *Id.*  Where an "alleged injury

19   has not yet occurred," the court looks to whether an injury is imminent, specifically

20   "if the threatened injury is certainly impending, or there is a substantial risk that the

21   harm will occur." *Mont. Env't Info.*, 766 F.3d at 1189 (internal quotations omitted).

22             Hodl Law has failed to show that an injury is actual or imminent.  Hodl Law

23   does not claim anywhere in its Complaint that it has been threatened with

24   investigation or prosecution by the SEC in connection with its use of Ethereum or

25   that investigation or prosecution is at all likely.  Additionally, far from alleging a

26   "personal injury," Hodl Law stresses that it is just like "literally millions of other

27   users worldwide."  Compl. at ¶ 6.

28             Though Hodl Law protests that it is in "very serious and imminent" danger (*id.*

6                                     Case No. 22-cv-1832-L-JLB

at ¶ 4), it points to nothing to support that claim.  Rather, Hodl Law alleges vaguely that the SEC "has initiated lawsuits against numerous individuals and entities for damages stemming from Defendant's allegations that DCUs are securities or investment contracts."  *Id*. at ¶ 111.  Its only concrete example of SEC prosecution is a civil suit involving Coinbase employees alleged to have engaged in insider trading; that case has nothing to do with Hodl Law.  *See id.* at ¶ 4.  Indeed, Hodl Law's assertion of "imminent" danger is belied by its claim that it has focused on crypto/digital assets "for over *eight years*" without any SEC interference.  *See id*. at ¶ 110 (emphasis in original).  Hodl Law presents only a hypothetical concern that it may violate federal securities laws, which amounts "more [to] an abstraction than an actual case because the supposed injury has not materialized and may never materialize."  *Mont. Env't Info.*, 766 F.3d at 1190; *see also Stubbs v. Goldschmidt*, No. 04-6029-AA, 2004 WL 1490323, at *3-7, *9 (D. Or. June 29, 2004) (no Article III standing where plaintiff's "claims amount to a general complaint about the mere existence of the [university] policy" where plaintiff did not violate policy and there was no threat of policy enforcement); *Minn. Auto Dealers Ass'n v. Minnesota*, 520 F. Supp. 3d 1126, 1137-38 (D. Minn. 2021) (no standing because plaintiff's alleged injuries were "too speculative and remote" where proposed emissions rules not yet effective or certain to be implemented).[1]

Because Hodl Law fails to plead that it has suffered an actual or imminent personal injury, it does not have standing to bring this case.

## C.  Hodl Law's Claim Is Not Ripe

"[C]losely related" to standing, the ripeness doctrine also stems from Article III's limitation of federal court jurisdiction to actual cases and controversies.  *See*

---

[1] Hodl Law also complains of "substantial financial" risk (Compl. at p. 19), but it does not identify a basis for that risk other than that it has chosen to use the Ethereum network and Ether and would like the SEC to address its specific uses and assure it that the SEC will not bring an action against Hodl Law for its use of the Ethereum network and Ether.

1   *Mont. Env't Info.*, 766 F.3d at 1188.  "The ripeness doctrine demands that litigants

2   state a claim on which relief can be granted and that litigants' asserted harm is 'direct

3   and immediate' rather than speculative or hypothetical."  *Hillblom v. United States*,

4   896 F.2d 426, 430 (9th Cir. 1990).  The purpose of the ripeness doctrine "is to

5   prevent the courts, through avoidance of premature adjudication, from entangling

6   themselves in abstract disagreements over policy with other branches of the federal

7   government."  *Id.* at 430 (internal quotations omitted).  The Ninth Circuit has held

8   that "a generalized threat of prosecution" is insufficient to show a ripe case or

9   controversy.  *Ass'n of Am. R.R. v. Cal. Office of Spill Prevention & Response*, 113 F.

10  Supp. 3d 1052, 1057 (E.D. Cal. 2015).  "[I]n evaluating ripeness, courts assess 'both

11  the fitness of the issues for judicial decision and the hardship to the parties of

12  withholding court consideration.'"  *Ass'n of Am. Med. Colls.*, 217 F.3d at 779-80.

13        Hodl Law's Complaint satisfies neither prerequisite.  First, an agency's action

14  is appropriate for review if "the regulation at issue is a final agency action."  *Id.* at

15  780.  "The core question is whether the agency has completed its decisionmaking

16  process, and whether the result of that process is one that will directly affect the

17  parties."  *Id.* (internal quotations omitted).  The impetus of Hodl Law's case is that

18  the SEC has not completed its decisionmaking process concerning whether

19  transacting on the Ethereum network implicates federal securities laws.  *See, e.g.*,

20  Compl. at ¶ 2 ("Defendant provides no guidance or rules regarding its view of

21  DCUs"), ¶ 6 (SEC has not provided "any concrete guidance" about use of Ether),

22  ¶ 110 (SEC has not provided "public response as to whether use of the Ethereum

23  Network and Ether DCU constitute unlawful securities transactions").  Without a

24  final agency decision, judicial intervention is inappropriate.  *See, e.g.*, *Ass'n of Am.*

25  *Med. Colls.*, 217 F.3d at 782 (dispute not ripe where agency in process of auditing

26  plaintiff prior to any final action); *Minn. Auto Dealers Ass'n*, 520 F. Supp. 3d 1140

27  (dispute not ripe where "administrative rules . . . have not been adopted, have not

28  taken effect, and have not been enforced" and "alleged injuries depend on contingent

future events that may not occur as anticipated, if at all"); *New Jersey v. United States HHS*, No. 07-4698 (JAP), 2008 WL 4936933, at *13 (D.N.J. Nov. 17, 2008) (dispute not ripe where plaintiff "merely fears potential future administrative . . . action and . . . the dispute between the parties is contingent upon events that may not occur at all or may occur differently than anticipated") (cleaned up).

Second, the "hardship" prong of the ripeness analysis addresses whether "delayed [judicial] review will cause any real cognizable hardship." *Nat. Res. Def. Council v. Abraham*, 388 F.3d 701, 707 (9th Cir. 2004). "[H]ardship requires either that the underlying act will certainly occur and cause legal or economic damage to the plaintiff, or that the threat of the action is actually imminent and would cause irreparable harm unless stopped." *Bank of N.Y. Mellon v. City of Richmond*, No. C 13–03664 CRB, 2013 WL 5955699, at *5 (N.D. Cal. Nov. 6, 2013). Hodl Law fails to show any hardship to their day-to-day operations from this Court's withholding consideration of their claim. Rather, Hodl Law has pled only general anxiety about the potential for an SEC investigation and speculation about the SEC's views of crypto/digital assets. Even if the SEC were to issue determinations about whether transactions involving Ethereum or Ether constitute the offer or sale of a security, it is purely speculative that such decisions would harm Hodl Law. "[T]he fact that [Plaintiff] might think that it is cheaper and easier to attack" the SEC, "rather than awaiting some truly concrete action, is not sufficient to show true hardship." *Nat. Res. Def. Council*, 388 F.3d at 706-07. Dismissal of this action will simply force Plaintiff to wait for SEC determinations, just like the "millions of other users worldwide." Compl. at ¶ 6.

In these circumstances, dismissal is appropriate to permit the SEC to crystalize its decisionmaking and avoid premature adjudication. Deferring judicial review will not cause Hodl Law any harm.

## D.   The Complaint Does Not Satisfy the APA

Hodl Law seeks a declaratory judgment without pointing to any statute or other

1  authority that would provide it with a claim against the SEC.  The only possible basis

2  for Hodl Law's claim is the APA because the Complaint does not describe any

3  Constitutional right or any other statutory or common law right, and the APA

4  provides a vehicle for claims against federal agencies when no other statutory process

5  exists.  *General Finance Corp. v. FTC*, 700 F.2d 366, 372 (7th Cir. 1983)

6  ("jurisdiction of the federal courts to review administrative action is codified in the

7  Administrative Procedure Act").  A party "'may not bypass the specific method that

8  Congress provided for reviewing adverse agency action,' i.e., the APA, simply by

9  suing the agency in district court under general jurisdiction statu[t]es such as 28

10  U.S.C. § 1331."  *Am. Fin. Benefits Ctr. v. FTC*, No. 17-04817, 2018 WL 3203391, at

11  *5 (N.D. Cal. May 29, 2018) ("bare citation to [28 U.S.C. §§ 1331 and 2201] is

12  insufficient to establish jurisdiction").  But Hodl Law cannot satisfy the APA's

13  prerequisites to judicial review.

14       The APA permits judicial review of two categories of agency conduct:

15  (1) "[a]gency action made reviewable by statute"; and (2) "final agency action for

16  which there is no other adequate remedy in a court."  5 U.S.C. § 704.  Hodl Law

17  cannot satisfy either of these requirements.  First, the Complaint does not, and cannot,

18  identify a statute that provides for judicial review of the SEC's purported action (or

19  inaction) concerning the Ethereum network or Ether.  Second, there is no final agency

20  action.[2]  For an agency action to be final, "two conditions must be satisfied: (1) 'the

21  action must mark the consummation of the agency's decisionmaking process—it

22  must not be of a merely tentative or interlocutory nature'; and (2) 'the action must be

23  one by which rights or obligations have been determined, or from which legal

24  consequences will flow.'"  *Am. Fin. Benefits Ctr.*, 2018 WL 3203391, at *7.

25       The only SEC action that Hodl Law challenges is that the SEC has not issued

26

27  _____

28  [2] The Ninth Circuit has held that the APA's final agency action requirement is
    jurisdictional.  *Havasupai Tribe v. Provencio*, 906 F.3d 1155, 1161 (9th Cir. 2018);
    *Am. Fin. Benefits Ctr.*, 2018 WL 3203391, at *5, *6.

final decisions about the Ethereum network and Ether.  The Complaint specifically alleges that the SEC has not taken a final action providing its view of Ethereum or Ether under federal securities laws.  *See, e.g.*, Compl. ¶ 66 (SEC has not yet "promulgated one regulation, rule or even an official statement that the Ethereum Network or the Ether DCU were (in Defendant's eyes) securities under the Securities Act"), ¶ 67 (SEC purportedly "has engaged in purposeful, public ambiguity"), ¶ 73 (SEC Chair "Gensler has never clarified whether his public musings about the security status of [Ethereum and Ether] are his personal opinion or" SEC policy), ¶ 101 ("Defendant has filed multiple civil actions against multiple defendants, alleging unlawful securities transactions stemming from DCUs used on the Ethereum Network").  The Complaint also alleges that the SEC has not provided Hodl Law with any assurances related to Hodl Law's use of the Ethereum network.  *See id.* at ¶ 106.  Thus, Hodl Law's own allegations make clear that the SEC has not reached a final decision about the Ethereum network or Ether.

Finally, to the extent the Complaint may be construed to make a claim based on agency inaction under 5 U.S.C. § 706(1), Hodl Law's allegations again fall short. When a plaintiff seeks to challenge agency inaction, the APA authorizes reviewing courts to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).  "The Supreme Court has held, as a matter of subject matter jurisdiction, that a claim based on agency inaction under 5 U.S.C. § 706(1) 'can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take.*'"  *Bush v. United States HHS*, No. 21-cv-06055-JCS, 2021 U.S. Dist. LEXIS 168285, at *6-7 (N.D. Cal. Sept. 4, 2021) (emphasis in original) (quoting *Norton v. S. Utah Wilderness Alliance.*, 542 U.S. 55, 64 (2004)). APA Section 706(1) "does not permit broad programmatic attacks."  *Id.* (internal quotations omitted).  Here, Hodl Law has not identified any duty the SEC may have to promulgate rulemaking relating to Ethereum or to respond to Plaintiff's individual inquiries about its own use of Ethereum.

Case No. 22-cv-1832-L-JLB

Plaintiff seeks judicial review of SEC actions that are not "final" within the meaning of the APA. Hodl Law's failure to meet that threshold APA requirement deprives this Court of jurisdiction.

### E.    Declaratory Relief Is Not Appropriate Here

Even if this Court had jurisdiction over this case, it should decline to exercise it. *See Oakley, Inc.,* 1992 WL 117445, at *5 (Declaratory Judgment Act "'confers a discretion on the courts rather than an absolute right on the litigant'"). If the Court were to provide Hodl Law with the relief it seeks, the Court's judgment would have significant effects beyond addressing Plaintiff's use of the Ethereum network and Ether; it would impact users of many types of digital currency and the larger digital currency market. This action is not the appropriate forum for the Court to explore how the Ethereum network and Ether are handled under federal securities laws. *See, e.g.*, *Veoh Networks, Inc. v. UMG Recordings, Inc.*, 522 F. Supp. 2d 1265, 1272 (S.D. Cal. 2007) (denying declaratory relief that "would have an impact far beyond the rights of the litigants before this Court"); *Stubbs*, 2004 WL 1490323, at *9 ("The court should not be called upon 'to decide abstract questions of wide public significance' when other government institutions may be more competent to address the question and judicial intervention may be unnecessary to protect the individual's rights.").

Hodl Law asks this Court to validate its use of a particular crypto/digital currency (Ether) without going through the processes that would apply to SEC rulemaking on issues relating to that crypto/digital currency and without having a specific allegation of a violation of the law in front of it, as would be the case in an SEC enforcement action.[3] This is not an appropriate forum for a broad ruling on how the federal securities laws apply to a particular crypto/digital currency.

---

[3] For a list of SEC enforcement actions that concern the application of the federal securities laws to crypto/digital assets, *see Crypto Assets and Cyber Enforcement Actions*, U.S. SEC. & EXCH. COMM'N (Nov. 4, 2022), https://www.sec.gov/spotlight/cybersecurity-enforcement-actions.

1

## V.    __CONCLUSION__

2

For the foregoing reasons, the SEC respectfully requests that the Court grant

3

the SEC's motion to dismiss Plaintiff's complaint.

4

 Dated:  February 6, 2023

5

                                        _/s/ Alexandra Verdi_

6
                                        Alexandra Verdi

7                                       Attorney for Defendant
                                        Securities and Exchange Commission

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **PROOF OF SERVICE**

2

I am over the age of 18 years and not a party to this action.  My business address is:

3

U.S. SECURITIES AND EXCHANGE COMMISSION
100 F. St. NE, Washington, D.C. 20549

4

Telephone No. (202) 551-5057; Facsimile No. (202) 772-9263

5

On February 6, 2023, I caused to be served the document entitled **DEFENDANT SEC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** on all the parties to this action addressed as stated on the attached service list:

6

7

☐ **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

8

9

10

☐ **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

11

12

☐ **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

13

14

☐ **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

15

16

☐ **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Buffalo, New York.

17

18

☒ **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

19

20

☒ **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

21

22

☐ **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

23

I declare under penalty of perjury that the foregoing is true and correct.

24

25

Date:  February 6, 2023

*/s/ Alexandra Verdi*
Alexandra Verdi

26

27

28

14

Case No. 22-cv-1832-L-JLB

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

***HODL LAW, PLLC v. SECURITIES AND EXCHANGE COMMISSION***
**United States District Court—Southern District of California**
**Case No. 22-cv-1832-L-JLB**

## <u>SERVICE LIST</u>

Frederick A. Rispoli
HODL LAW CALI, APC
27762 Antonio Parkway
Suite L-1, No. 232
Ladera Ranch, CA 92694
Filing@HodlLaw.org

Attorney for Plaintiff Hodl Law, PLLC

Case No. 22-cv-1832-L-JLB