**HODL LAW CALI, APC**
Frederick A. Rispoli, Cal. Bar No. 321794
27762 Antonio Parkway
Suite L-1, No. 232
Ladera Ranch, CA 92694
Telephone: (213) 292-5200
Filing@HodlLaw.org
*Attorney for Plaintiff Hodl Law, PLLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HODL LAW, PLLC<br><br>*Plaintiff,*<br><br>vs.<br><br>SECURITIES AND EXCHANGE COMMISSION<br><br>*Defendant.* | Case No.: 22-cv-1832<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF HODL LAW'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT SEC'S MOTION TO DISMISS**<br><br>Judge: Hon. M. James Lorenz<br>Hearing Date: March 13, 2023<br>Hearing Time: 10:30 am[1]<br>Courtroom: 5B |

On March 6, 2023, Defendant Securities and Exchange Commission ("SEC") filed Defendant SEC's Reply Brief In Support Of Motion To Dismiss (3/6/23) ("Reply"). Since that time, four new developments have occurred that directly implicate the issues in this case regarding the SEC's jurisdictional argument that it is the sole arbiter on the security status of the Ethereum Network and Ether digital currency unit ("DCU"). Plaintiff Hodl Law, PLLC provided a copy of this notice to the SEC and sought a

---

[1] Undersigned counsel reviewed the district's Local Rules as well as the Court's Standing Order For Civil Cases and did not find any listed protocol for providing supplemental authority to the Court.

stipulation to the filing, to which the SEC objected. Plaintiff therefore files this notice in support of Plaintiff Hodl Law's Memorandum Of Law In Opposition To Defendant SEC's Motion To Dismiss (2/27/23) ("Opposition").

First, on March 8, 2023, the Chairman of the Commodity Futures Trading Commission ("CFTC"), Rostin Behnam, testified before the U.S. Senate that the CFTC has complete jurisdiction over the Ethereum Network and Ether DCU—not the SEC—because the network and DCU are commodities, not securities. During that hearing, Senator Tuberville addressed the SEC's general failure to provide market guidance:

> The lack of progress by the CFTC and the SEC to define which crypto tokens are commodities and which tokens are securities is an issue and prevents more crypto futures contracts from coming to market. Are you having these conversations with the SEC and has the SEC offered legal opinions as to what it views as a commodity and what it views as a security?[2]

Chairman Behnam responded that "[w]e do not have necessarily any legal guidance from the SEC but we are thinking about how we can work together which we've done historically in a number of other markets to ensure consistency, clarity and transparency for the market."[3] Later, Senator Gillibrand asked CFTC Chairman Behnam directly about Ethereum and the SEC's gambit to assert authority over the network: "In light of [SEC] Chairman Gensler's recent suggestion that all digital assets except for Bitcoin are securities, what does that mean for a number of designated contract markets currently offering futures or swaps on Ether?"[4] Chairman Behnam responded:

> It would obviously raise questions about the legality of those DCMs, designated contract markets, listing these digital assets that are purported to be securities. I've made the argument that **Ether is a commodity, it's been listed on CFTC exchanges for quite some time**. For that reason, it creates a very direct jurisdictional hook for us to police obviously the derivatives market but also the underlying market as well.[5]

---

[2] United States Senate Committee on Agriculture, Nutrition & Forestry, "Oversight of the Commodity Futures Trading Commission," (3/8/23), *available at* https://www.agriculture.senate.gov/hearings/oversight-of-the-commodity-futures-trading-commission-03-08-2023 (beginning at 1:01:55) (last accessed Mar. 22, 2023)
[3] *Id.*
[4] *Id.* (beginning at 1:18:34).
[5] *Id.* (emphasis added).

Senator Gillibrand followed up:

> As a regulator, how do you respond to such a position, given that the SEC interprets the federal securities law, if there is this competition for oversight, what tools do you have to respond to that given that you have been having oversight over Ether…under the commodities market?[6]

The Chairman responded:

> We would not have allowed that product, in this case the Ether futures product, to be listed on a CFTC exchange if we did not feel strongly that it was a commodity asset. Because we have litigation risk. We have agency credibility risk if we do something like that without serious legal defense or defenses to support our argument that that asset is a commodity.[7]

Since at least October 10, 2019, the CFTC has asserted jurisdiction over the Ethereum Network and Ether DCU [*see* Opposition at 17] and continues to do so three-and-a-half years later.

Second, on March 9, 2023, the New York Attorney General's Office ("NYAG") filed a lawsuit against digital asset exchange KuCoin, alleging that the Ether DCU is a security under federal law and therefore KuCoin was engaging in fraudulent and illegal securities transactions in buying and selling the Ether DCU. *See* Petitioner's Memorandum Of Law In Support Of The Verified Petition (N.Y. Sup. Ct. March 9, 2023) at 17 ("ETH, LUNA, UST and KuCoin Earn are each securities under [the New York securities regime]").[8] The NYAG complaint goes on to describe why the Ether DCU is also a security under federal law and how the defendant exchange violated federal securities law by transacting in the Ether DCU. *Id.* at 17-22 (describing how the Ether DCU meets the seminal federal securities *Howey* test set forth in *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946)).

---

[6] *Id.*

[7] *Id.*

[8] This petition is available on the website of the NYAG at https://ag.ny.gov/sites/default/files/2023.03.09_-_memorandum_of_law_-_people_v_mek_global_limited_and_phoenixfin_pte_ltd_dba_kucoin.pdf (last accessed Mar. 22, 2023). A copy of petition is attached as **Exhibit 1**.

Third, on March 13, 2023, the largest US digital asset exchange, Coinbase, Inc., filed an amicus brief in the SEC's *Wahi* regulation-by-lawsuit case [*see* Opposition at 9-10, 22] arguing, as Hodl Law does here, that the SEC's approach of silence-until-lawsuit violates due process and the SEC's obligations under the Administrative Procedure Act ("APA"). *See, e.g.*, *SEC v. Wahi*, Case No. 2:22-cv-01009 (W.D. Wash. March 13, 2023), ECF No. 78-2 at 23 n.33 ("Courts should greet with skepticism an agency's effort to use litigation as an avenue to sidestep administrative-law requirements")).[9]

Fourth, on March 11, 2023, an order by Judge Michael Wiles of the U.S. Bankruptcy Court for the Southern District of New York exemplifies the need for the Court to affirm standing in this action. Judge Wiles is responsible for overseeing the bankruptcy of Voyager Digital, a digital asset exchange. *See In re Voyager Digital Holdings, Inc.*, Case No. 22-10943 (Bankr. S.D.N.Y. March 11, 2023), ECF No. 1170 ("Order").[10] The SEC's tactics before Judge Wiles showcase why fair notice requires the Court to affirm standing for Hodl Law. In *Voyager*, the SEC objected to confirmation of the debtors' plan because the SEC claimed the VGX DCU "had aspects of a security" and the rival digital asset exchange buying Voyager Digital, Binance.US, *could* have been an unregistered securities exchange. *Id.* at 9-10. At no point did the SEC identify why it felt VGX was a security or why Binance.US was an unregistered securities exchange. *Id.*; *see also id.* (noting SEC asked court to allow it to provide a response *in camera*, which was rejected by the court).

Judge Wiles lamented having to "rebuke[] the SEC attorneys for the vagueness of their submission" while stating "in fairness to the SEC attorneys I think they were just the messengers and not the architects of the message[.]" *Id.* at 9. Further, Judge Wiles

---

[9] A copy of the amicus brief of Coinbase is attached as **Exhibit 2**.

[10] A copy of Judge Wiles' March 11 Order is attached as **Exhibit 3**, along with Judge Wiles' order denying the government's motion for stay of his March 11 decision pending appeal (beginning at page 51 of Ex. 3).

stated "I reject the contention that the Court, and the Debtors, somehow were supposed to figure out for themselves just what 'aspects' of the VGX token might be considered aspects of a 'security.'" *Id.* at 10. Judge Wiles found market participants (*i.e.*, those in the similar position of Hodl Law) must act "in a regulatory environment that at best can be described as highly uncertain," in which "[r]egulators themselves cannot seem to agree as to whether cryptocurrencies are commodities that may subject to regulation by the CFTC, or whether they are securities that are subject to securities laws, or neither, or even on what criteria should be applied in making the decision . . . ." *Id.* at 6.

These four events, all occurring after briefing concluded for the SEC's motion to dismiss, further support Plaintiff's Opposition that the SEC is operating outside its statutory mandate, acting inconsistent with the core values embodied in the APA, and deliberately providing federal courts across the country with as little information as possible in order to best obscure its intentions with respect to digital assets. The Court should therefore affirm standing, permitting Hodl Law to avail itself of its rights in the same manner the SEC has asserted its own.

Dated this 22nd day of March, 2023.

**HODL LAW CALI, APC**

By:   /s/ Frederick A. Rispoli
      Frederick A. Rispoli
      27762 Antonio Parkway
      Suite L-1, No. 232
      Tel: 213-292-5200
      Filing@HodlLaw.org
      *Attorney for Plaintiff Hodl Law, PLLC*

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

HODL LAW CALI, APC
27762 Antonio Parkway
Suite L-1, No. 232
Tel: 213-292-5200

On March 22, 2023 I caused to be served the document entitled "**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF HODL LAW'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT SEC'S MOTION TO DISMISS**" on all parties to this action addressed as stated on the attached service list:

- **ELECTRONIC MAIL**: By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list; and

- **E-FILING**: By causing the documents to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

Date: March 22, 2023            By:    /s/ Frederick A. Rispoli_____
                                       Frederick A. Rispoli

## SERVICE LIST

*HODL LAW, PLLC V. SECURITIES AND EXCHANGE COMMISSION*
**United States District Court—Southern District of California**
**Case No. 22-cv-1832-L-JLB**

Alexandra Verdi
U.S. SECURITIES AND EXCHANGE COMMISSION
100 F. St. NE
Washington, D.C. 20549
verdim@sec.gov

US Attorney's Office Southern District of California
Civil Division
880 Front Street
Suite 6253
San Diego, CA 92101
Efile.dkt.civ@usdoj.gov

Attorneys for Defendant Securities and Exchange Commission