Alexandra Verdi (NY Reg. No. 5480934)
verdim@sec.gov
U.S. Securities and Exchange Commission
100 F Street, NE
Washington, D.C. 20549-9613
Tel: 202-551-5057
Fax: 202-772-9263

Attorney for Defendant
Securities and Exchange Commission

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HODL LAW, PLLC,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Defendant. | Case No.  22-cv-1832-L-JLB<br><br>**DEFENDANT SEC'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Judge: Hon. M. James Lorenz<br>Hearing Date: March 13, 2023<br>Hearing Time: 10:30 am<br>Courtroom: 5B<br><br>No oral argument pursuant to Local Rule |

Case No. 22-cv-1832-L-JLB

Defendant Securities and Exchange Commission ("SEC") hereby respectfully responds to Plaintiff Hodl Law's ("Hodl Law") Notice of Supplemental Authority In Support of Plaintiff Hodl Law's Memorandum of Law In Opposition to Defendant SEC's Motion to Dismiss, filed after the completion of the parties' briefing of the SEC's motion to dismiss. *See* ECF 8 ("Notice"). Hodl Law's Notice neither provides relevant supplemental authority nor addresses the issue before the Court in this case.

Hodl Law's "four new developments" (Notice at 1) do not constitute relevant supplemental authorities. Hodl Law points to comments made during a Senate committee hearing involving the Chair of the Commodity Futures Trading Commission, a New York Attorney General memorandum of law in support of a petition, and a Coinbase amicus brief. Notice at 2-4. These sources are not documents generally viewed as authorities, such as court opinions, statutes, or regulations, but rather reflect hearing testimony and legal arguments from parties unrelated to this case. Hodl Law also discusses a bankruptcy plan confirmation order in *In re Voyager Dig. Holdings*, No. 22-10943, 2023 WL 2470938 (Bankr. S.D.N.Y. Mar. 11, 2023), that it claims relates to the issue of standing. Notice at 4-5. The *Voyager* case involved a bankruptcy plan for the potential sale of a crypto asset entity to another company, and the bankruptcy judge overruled an SEC objection relating to the particular circumstances of the bankruptcy sale of Voyager's assets. *In re Voyager*, 2023 WL 2470938, at *1, *3-*4. That case has no bearing on standing; it does not show that Hodl Law has pled any actual or imminent injury in connection with its use of the Ethereum network or Ether. *See* ECF 5-1 at 6-7.

At issue in the SEC's motion to dismiss is whether Hodl Law has satisfied its burden to show that this Court has subject matter jurisdiction over this action. Like its Opposition briefing, Hodl Law's Notice fails to meet that burden. Rather, the Notice discusses Hodl Law's criticisms about the SEC's regulatory approach in connection with crypto/digital assets (*see* Notice at 2 ("Senator Tuberville addressed

1 the SEC's general failure to provide market guidance"); 4 (Coinbase argued "that the
2 SEC's approach of silence-until-lawsuit violates due process")), and does not provide
3 any authority that suggests the Court has jurisdiction in this case (*see* ECF 5-1 at 3-
4 12).
5     Thus, Hodl Law's Notice of Supplemental Authority is irrelevant to resolution
6 of the SEC's motion to dismiss for lack of subject matter jurisdiction.
7 Dated:  March 30, 2023

                                                          */s/ Alexandra Verdi*
                                                          Alexandra Verdi
                                                          Attorney for Defendant
                                                          Securities and Exchange Commission

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

    U.S. SECURITIES AND EXCHANGE COMMISSION
    100 F. St. NE, Washington, D.C. 20549
    Telephone No. (202) 551-5057; Facsimile No. (202) 772-9263

On March 30, 2023, I caused to be served the document entitled **DEFENDANT SEC'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY** on all the parties to this action addressed as stated on the attached service list:

☐   **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐   **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐   **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐   **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐   **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Buffalo, New York.

☒   **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒   **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐   **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

    I declare under penalty of perjury that the foregoing is true and correct.

Date: March 30, 2023                */s/ Alexandra Verdi*
                                                Alexandra Verdi

***HODL LAW, PLLC v. SECURITIES AND EXCHANGE COMMISSION***
United States District Court—Southern District of California
Case No. 22-cv-1832-L-JLB

## SERVICE LIST

Frederick A. Rispoli
HODL LAW CALI, APC
27762 Antonio Parkway
Suite L-1, No. 232
Ladera Ranch, CA 92694
Filing@HodlLaw.org

Attorney for Plaintiff Hodl Law, PLLC