Alexandra Verdi (NY Reg. No. 5480934)
verdim@sec.gov
U.S. Securities and Exchange Commission
100 F Street, NE
Washington, D.C. 20549-9613
Tel: 202-551-5057
Fax: 202-772-9263

Attorney for Defendant
Securities and Exchange Commission

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

HODL LAW, PLLC,

Plaintiff,

vs.

SECURITIES AND EXCHANGE COMMISSION,

Defendant.

Case No. 22-cv-1832-L-JLB

**DEFENDANT SEC'S RESPONSE TO PLAINTIFF'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY AND REQUEST FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM**

Judge: Hon. M. James Lorenz
Courtroom: 5B

No oral argument pursuant to Local Rule

Defendant Securities and Exchange Commission ("SEC") hereby respectfully responds to Plaintiff Hodl Law's ("Hodl Law") Second Notice of Supplemental Authority in Support of Plaintiff Hodl Law's Memorandum of Law in Opposition to Defendant SEC's Motion to Dismiss and Request for Leave to File Supplemental Memorandum. *See* ECF 10 ("Notice"). Hodl Law has not provided any authorities relevant to issues before the Court.

First, Hodl Law presents SEC staff emails as authorities, and it presents them only for their factual content, not to provide legal authority on any issue before the Court. Hodl Law, however, does not explain why the Court should consider factual issues on a motion to dismiss. In moving to dismiss, the SEC relied on the facts alleged in the Complaint and did not introduce any factual issues. *See* ECF 5-1.

Second, Hodl Law claims that the staff emails show that the SEC has "'issued final decisions about the Ethereum network and Ether'" (ECF 10 at 2), but the documents do not show that the SEC had issued any such final decision. The SEC is led by five Commissioners, and it takes action by a vote of its Commissioners or by delegating authority to an SEC division, individual Commissioner, administrative law judge, or employee. *See* 15 U.S.C. §§ 78d & 78d-1; 17 C.F.R. §§ 200.40 *et seq.* & 200.400 *et seq.* The staff emails that Hodl Law presents do not show any vote, either formal or informal, by the Commissioners and do not point to any delegation to the Chairman or to the Director of the Division of Corporation Finance that would enable them to decide what constitutes a security. *See* 17 C.F.R. § 200.30-1 (listing authority delegated to the Director of the Division of Corporation Finance).

Third, Hodl Law does not explain how the staff emails support Hodl Law's opposition to the SEC's motion to dismiss. In its Notice, the only portion of the SEC's motion to dismiss that it refers to is the SEC's argument that Hodl Law cannot obtain judicial review under the Administrative Procedure Act because Hodl Law is not challenging final agency action. *See* ECF 10 at 2 (citing ECF 5-1 at 10-11). Hodl Law, however, does not now claim that it is challenging a final agency decision.

Indeed, its Complaint states that it is seeking further information about whether the use of the Ethereum Network and Ether constitute unlawful securities transactions, not that it is challenging an existing Commission action regarding the Ethereum network or Ether. *See* ECF 1 at ¶ 110.

Thus, Hodl Law's Second Notice of Supplemental Authority is irrelevant to resolution of the SEC's motion to dismiss for lack of subject matter jurisdiction.

Dated: July 6, 2023

*/s/ Alexandra Verdi*
Alexandra Verdi
Attorney for Defendant
Securities and Exchange Commission

**PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION
100 F. St. NE, Washington, D.C. 20549
Telephone No. (202) 551-5057; Facsimile No. (202) 772-9263

On July 6, 2023, I caused to be served the document entitled **DEFENDANT SEC'S RESPONSE TO PLAINTIFF'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY AND REQUEST FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Buffalo, New York.

☒ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: July 6, 2023

*/s/ Alexandra Verdi*
Alexandra Verdi

***HODL LAW, PLLC v. SECURITIES AND EXCHANGE COMMISSION***
**United States District Court—Southern District of California**
**Case No. 22-cv-1832-L-JLB**

**SERVICE LIST**

Frederick A. Rispoli
HODL LAW CALI, APC
27762 Antonio Parkway
Suite L-1, No. 232
Ladera Ranch, CA 92694
Filing@HodlLaw.org

Attorney for Plaintiff Hodl Law, PLLC