**FILED**

AUG 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HODL LAW, PLLC,<br><br>         Plaintiff-Appellant,<br><br>   v.<br><br>U.S. SECURITIES & EXCHANGE COMMISSION,<br><br>         Defendant-Appellee. | No.   23-55810<br><br>D.C. No.<br>3:22-cv-01832-L-JLB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Argued and Submitted July 18, 2024
Pasadena, California

Before: WARDLAW, PAEZ, and SANCHEZ, Circuit Judges.

Hodl Law, PLLC ("Hodl Law") appeals the district court's order granting the Securities and Exchange Commission's ("SEC") motion to dismiss for lack of subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

   1.   The district court correctly concluded that we lack subject matter

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

jurisdiction because Hodl Law failed to allege a "case or controversy" within the meaning of Article III, section 2 of the United States Constitution.  *See Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) ("[T]he Constitution mandates that prior to our exercise of jurisdiction there exist a constitutional 'case or controversy,' that the issues presented are 'definite and concrete, not hypothetical or abstract.'") (quoting *Railway Mail Ass'n v. Corsi*, 326 U.S. 88, 93 (1945)).

Hodl Law failed to demonstrate "a realistic danger" that the SEC will bring an enforcement action charging that Hodl Law's use of the Ethereum blockchain network or the digital asset Ether violate the Securities Act of 1933, 15 U.S.C. § 77a *et. seq.* ("Securities Act").  *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1154 (9th Cir. 2000) (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)).  When evaluating whether there is a realistic danger of prosecution, we consider: "(1) whether the plaintiff has articulated a concrete plan to violate the law in question; (2) whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings; and (3) the history of past prosecution or enforcement under the challenged statute." *Wolfson v. Brammer*, 616 F.3d 1045, 1058 (9th Cir. 2010).

If the SEC determines that transactions involving Ether or the Ethereum network violate the Securities Act, Hodl Law would already be in violation of the

2

law because it currently engages in such transactions as part of its law practice. But Hodl Law's complaint contains no allegations that the SEC has investigated, prosecuted, or threatened to investigate or prosecute the law firm's use of Ether or Ethereum. The SEC has not taken an official position as to whether Ether or Ethereum is a "security" under the Securities Act, and it is possible that the Commission will never decide that Ether or Ethereum is a "security" under the Securities Act. *See Alcoa, Inc. v. Bonneville Power Admin.*, 698 F.3d 774, 793 (9th Cir. 2012) ("[C]laims that are based solely on harms stemming from events that have not yet occurred, and may never occur," do not constitute "injury that is concrete and particularized enough to survive the standing/ripeness inquiry." (quoting *Bova v. City of Medford*, 564 F.3d 1093, 1096–97 (9th Cir. 2009))). And although Hodl Law cites to several examples of SEC enforcement actions against other cryptocurrency users, in none of those cases did the SEC allege either that Ether is a security or that the transactions on the Ethereum network violated the Securities Act. Therefore, "[c]onsidering the applicable factors, we hold that any threat of enforcement or prosecution against [Hodl Law] in this case—though theoretically possible—is not reasonable or imminent." *Thomas*, 220 F.3d at 1141.

Hodl Law has also failed to allege an economic injury that is "concrete and particularized." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Although "[e]conomic injury caused by a proscriptive statute is sufficient for

standing," *Mont. Shooting Sport Ass'n v. Holder*, 727 F.3d 975, 979 (9th Cir. 2013), the alleged injury cannot be "a hypothetical risk of prosecution but rather actual, ongoing economic harm resulting from" the inability to engage in the proscribed conduct, *Nat'l Audobon Soc'y, Inc. v. Davis,* 307 F.3d 835, 855 (9th Cir. 2002), *opinion amended in other respects on denial of reh'g*, 312 F.3d 416 (9th Cir. 2002). Hodl Law has not alleged that it is currently suffering economic injury caused by the SEC, but instead alleges that it may suffer economic harm if the SEC decides to bring an enforcement action against it or anyone else alleging that Ether is a security, because this may cause the value of Ether to decrease. This is insufficient to satisfy the Constitution's requirements "because the supposed injury has not materialized and may never materialize." *Mont. Env't Info. Ctr. v. Stone-Manning*, 766 F.3d 1184, 1190 (9th Cir. 2014).

Nor has Hodl Law sufficiently alleged that the SEC's failure to provide guidance on the security status of Ether and Ethereum presents a case or controversy under our "firm prediction" rule. "[T]he 'firm prediction' rule . . . eliminates the need to await an inevitable application of a regulation to a plaintiff before determining a claim to be justiciable," *Chang v. United States*, 327 F.3d 911, 922 (9th Cir. 2003), and applies where we can firmly predict that a plaintiff will apply for a benefit and that an agency will deny that benefit, *Immigrant Assistance Project of L.A. Cnty. Fed'n of Labor (AFL-CIO) v. INS*, 306 F.3d 842,

861–62 (9th Cir. 2002).  Hodl Law argues that it satisfies this rule because it previously applied for a benefit by requesting SEC guidance on the security status of Ethereum and Ether, and it is certain that the SEC will deny that benefit because the agency has continuously failed to respond to Hodl Law's and others' requests for guidance.  But Hodl Law has not identified any authority that requires the SEC to engage in specific rulemaking or respond to private parties' requests for guidance.  Therefore, because no statute or regulation confers this benefit, the district court correctly determined that the "firm prediction" rule is inapplicable.

    2.    The district court did not err in concluding that Hodl Law cannot bring its claim under the Administrative Procedure Act ("APA").  Hodl Law has failed to establish that the SEC has engaged in "final agency action" that is reviewable under the APA.  5 U.S.C. § 704.[1]  Under the APA, "an agency action is final only if it both (1) marks the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature, and (2) is one by which rights or obligations have been determined, or from which legal consequences will flow."  *Ctr. for Biological Diversity v. Haaland*, 58 F.4th 412, 417 (9th Cir. 2023) (quotation marks and alterations omitted).  Although Hodl Law

---

[1] Because Hodl Law failed to allege a "case or controversy" sufficient to satisfy the Constitution's jurisdictional requirements, we do not reach Hodl Law's argument that the Major Questions Doctrine prevents the SEC from asserting its authority over cryptocurrencies under the Securities Act.

5

contends that the 2018 speech given by William Hinman, the then-SEC Director of the Division of Corporate Finance, constitutes final agency action, Hinman explicitly stated that the contents of the speech constituted his personal views, and the speech is therefore not "a definitive statement of [the] agency's position." *Assoc. of Am. Medical Colleges*, 217 F.3d at 780.  Additionally, the speech was not the product of the SEC's formal voting or delegation procedures, and thus does not have "the status of law." *Id.*  Although a plaintiff may bring an APA claim to "compel agency action unlawfully withheld or unreasonably delayed," 5 U. S. C. § 706(1), "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*," *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004).  But Hodl Law's broad challenge to the SEC's failure to issue guidance regarding the security status of cryptocurrencies is not "discrete," and because Hodl Law fails to identify any authority that requires the SEC to promulgate rules or respond to private parties' requests for guidance, such action is also "not demanded by law." *Id.* at 65.

      3.    The district court properly dismissed Hodl Law's complaint with prejudice because amendment would be futile.  *United States v. Corinthian College*s, 655 F.3d 984, 995 (9th Cir. 2011) ("Under futility analysis, '[d]ismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment.'" (citation omitted)).  Hodl Law

argues that it would amend its complaint to plead claims under the First and Fifth Amendment of the United States Constitution. But these constitutional claims are also dependent on the hypothetical possibility that the SEC will bring an enforcement action against Hodl Law alleging that Ether or Ethereum is a security. Because Hodl Law has failed to allege a "a realistic danger" of such enforcement action, *LSO, Ltd.*, 205 F.3d at 1154, we also lack subject matter jurisdiction over these claims, and thus an amendment adding these claims would be futile.[2]

**AFFIRMED.**

---

[2] Hodl Law's motion to strike portions of the SEC's Rule 28(j) letter dated July 22, 2024 is denied as moot.